UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CITY HUNT, LLC**

**v.** **Case No.: 6:18-cv-01764-ORL-41-DCI**

**LET'S ROAM, LLC d/b/a BIG CITY HUNT, et al.**

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))<br>[Recommended: 30 days after CMR meeting] | February 15, 2019 |
| Motions to Add Parties or Amend Pleadings<br>[Recommended: 1–2 months after CMR meeting] | March 18, 2019 |
| Disclosure of Expert Reports Party with burden of proof on issue:<br>Responding party:<br>[Recommended: 1–2 months before discovery deadline] | September 4, 2019<br>October 4, 2019 |
| Discovery Deadline<br>[Recommended: 6 months before trial; all discovery must be commenced in time to be completed before this date] | November 15, 2019 |
| Dispositive and *Daubert* Motions<br>[Required: 5 or more months before the trial term begins] | December 17, 2020 |
| Meeting In Person to Prepare Joint Final Pretrial Statement<br>[Required: at least 10 days before Joint Final Pretrial Statement deadline] | April 6, 2020 |
| Joint Final Pretrial Statement (including a single set of jointly-proposed jury instructions and verdict form, voir dire questions, witness lists, and exhibit lists with objections on approved form)<br>[Recommended: 4 weeks before trial term begins] | April 20, 2020 |
| All Other Motions (including motions in limine and trial briefs)<br>[Required: 2 months before trial term begins] | March 18, 2020 |

| | |
|---|---|
| Trial Term<br>[Local Rule 3.05(c)(2)(E) recommends within two years on Track Two cases; trial term must be at least five months after the dispositive motion deadline;] | May 18, 2020 |
| Estimated Length of Trial [trial days] | Five (5) Days |
| Jury/Non-Jury | Jury |
| Mediation Deadline:<br>Mediator:<br>Address:<br><br>Telephone:<br>[Recommended: 2–3 months after CMR meeting or just after discovery deadline; mediation is mandatory] | November 30, 2019<br>TBD |
| Parties Consent to Proceed Before a Magistrate Judge | Yes No X |

## I. Meeting of Parties

Lead counsel met by phone per Court order on January 17, 2019 at 10:00 AM Eastern Standard Time and was attended by:

| | |
|---|---|
| David M. Lilenfeld, Esq. | Counsel for Plaintiff City Hunt, LLC |
| Jeffrey H. Kass, Esq. | Counsel for Defendants Let's Roam, LLC d/b/a Big City Hunt, Charlie Harding, Mike Harding and Victor Harding |

## II. Initial Disclosures

Federal Rule of Civil Procedure 26 provides that these disclosures are mandatory in Track Two and Track Three cases except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05 to the extent that Rule 3.05 opts out of the mandatory discovery requirements).

The parties ___ have exchanged XXX agree to exchange (check one) information described in Rule 26(a)(1)(A)–(D) by February 15, 2019.

## III. ELECTRONIC DISCOVERY

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Initial Disclosures, Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case.

X One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

1. The form or forms in which ESI should be produced.

   Counsel agrees to produce records as Portable Document Files ("PDF"). All PDFs must be unitized at the document level, i.e., each PDF must represent a discrete document. All PDF files must contain embedded text that includes all discernible words within the document, not selected text or image only. This requires all layers of the PDF to be flattened first. PDF files are to be Bates endorsed and must be named by the Bates range. All document family groups, i.e. email attachments, embedded files, etc., should be produced together and children files should follow parent files sequentially in the Bates numbering.

   If there are other document formats, i.e. audio or visual files, counsel will confer prior to producing to ensure both sides agree upon the format. Where a disagreement on the format of the files exists, counsel shall provide the native document unless there is a basis for privilege related to the record.

2. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

   Counsel will specify in their Interrogatories, Request for Productions and Request for Admissions, as appropriate, the time period related to the Interrogatory or Request.

3. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

At the current time, counsel does not anticipate the need for metadata sought for any type of ESI. However, if that changes, counsel will confer to work on an agreement to exchange metadata.

4. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

   Counsel for each party will ensure they understand their clients' information systems to ensure they can communicate issues to opposing counsel regarding accessibility to information and costs associated with retrieving information. Where such issues arise, counsel will confer regarding proportionality and costs.

5. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

   Counsel for each party will ensure they understand their clients' information systems to ensure that all appropriate ESI is produced in response to Interrogatories and Request for Production.

6. Any issues relating to preservation of discoverable ESI.

   Counsel for each party is responsible for ensuring that their client preserves all information related to this action.

7. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall file a separate motion for a protective order and attach a copy of the proposed order to the motion. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements.

   As this case involves alleged Trademark infringement, both parties anticipate the need to disclose financial, proprietary and potentially trade secret information for the purposes of litigation but the disclosing party could be harmed if that information was released to the general public. As such, counsel will enter into a Confidentiality Agreement.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties request that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Federal Rule of Civil Procedure 16(a).**

XXX All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## IV. Agreed Discovery Plan

### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current.

### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests via an electronic medium. *See* Local Rule 3.03(e).

### C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 31(a)(2)(A)(i); *see also* Local Rule 3.02.

Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); *see also* Local Rule 3.03. Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The parties may agree by stipulation on other limits on discovery. Fed. R. Civ. P. 29. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions – 10 per side - one day depositions of seven hours.
2. Interrogatories – 25 Interrogatories per party.
3. Document Requests – per Federal Rules.
4. Requests to Admit – per Federal Rules.
5. Supplementation of Discovery - A party should, without having to be asked, promptly produce any responsive documents discovered after the original production.

**D. Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

None.

**E. Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Rule 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information

contained in the written expert report or encompassed by the expert summary disclosed pursuant to Rule 26. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

Parties agree that all documents, notes and records relied upon by an expert related to this case will be provided to opposing counsel within seven (7) calendar days of the report being disclosed.

**F. Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and motions to file under seal are disfavored. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a

showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties agree to draft a confidentiality agreement no later than January 29, 2019.

**G. Other Matters Regarding Discovery**

The parties agree as follows:

None.

## V. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

**A. Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ Yes—binding

_____ Yes—non-binding

XXX No

**B. Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation as detailed in Chapter Nine of the Local Rules. The parties will choose a mediator no later than September 15, 2019 and set a date for mediation prior to the deadline in the table in this order. A list of Court approved mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov. However, the parties may unanimously agree to use a mediator who is not on that list.

**C. Settlement**

At any point during the pendency of this litigation, the parties may request a settlement conference before a United States Magistrate Judge by filing a motion with the Court. Settlement

conferences may not be used as a substitute for mediation, and the parties must still designate a mediator and mediation deadline.

**D. Other Alternative Dispute Resolution**

The parties have engaged in preliminary informal settlement negotiations but do not intend to pursue other methods of alternative dispute resolution at this time.

Date January 17, 2019

Signature of Counsel (compliant with Local Rule 1.05(d)) and Unrepresented Parties

David M. Lilenfeld, admitted *pro hac vice*
LILENFELD PC
3379 Peachtree Road NE, Suite 980
Atlanta, GA 30326
Tel.: 404.201.2520
Fax: 404.393.9710
david@lilenfeldpc.com

*Attorneys for Plaintiff*

Jeffrey H. Kass, admitted *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Tel.: 303.861.7760
Fax: 303.861.7767
jeffrey.kass@lewisbrisbois.com

*Attorneys for Defendants*

conferences may not be used as a substitute for mediation, and the parties must still designate a mediator and mediation deadline.

**D. Other Alternative Dispute Resolution**

The parties have engaged in preliminary informal settlement negotiations but do not intend to pursue other methods of alternative dispute resolution at this time.

Date January 18, 2019

Signature of Counsel (compliant with Local Rule 1.05(d)) and Unrepresented Parties


______________________________
David M. Lilenfeld, admitted *pro hac vice*
LILENFELD PC
3379 Peachtree Road NE, Suite 980
Atlanta, GA 30326
Tel.: 404.201.2520
Fax: 404.393.9710
david@lilenfeldpc.com

*Attorneys for Plaintiff*

______________________________
Jeffrey H. Kass, admitted *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Tel.: 303.861.7760
Fax: 303.861.7767
jeffrey.kass@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this this 18th day of January, 2019, the foregoing **CASE MANAGEMENT REPORT** was filed electronically with the Court using the CM/ECF system, which action will cause automatic electronic notification of the filing from the Court to be served upon the following:

Lawrence H. Kunin, Esq.
Morris, Manning & Martin, LLP
Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
Tel.: 404.233.7000
Fax: 404.365.9532
lkunin@mmmlaw.com

*Attorneys for Plaintiff*
*City Hunt, LLC*

OF COUNSEL:

David M. Lilenfeld, Esq., admitted *pro hac vice*
Kaitlyn A. Dalton, Esq.
(*Pro Hac Vice* to be filed)
LILENFELD PC
3379 Peachtree Road NE, Suite 980
Atlanta, GA 30326
Tel.: 404.201.2520
Fax: 404.393.9710
david@lilenfeldpc.com
kaitlyn@lilenfeldpc.com

*Attorneys for Plaintiff*
*City Hunt, LLC*

*s/ Matthew Clark*