# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CITY HUNT, LLC,**

      **Plaintiff,**

v.                                                **Case No: 6:18-cv-1764-Orl-41DCI**

**LET'S ROAM, LLC, CHARLIE HARDING, MIKE HARDING and VICTOR HARDING,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration following a hearing on Defendants' Rule 26(c)(1) Motion for Protective Order (Doc. 46, the Motion for Protective Order) and Plaintiff's Motion to Compel Full Production of Financial Documents (Doc. 47, the Motion to Compel). Responses were timely filed, and, on August 28, 2019, the Court held a hearing on the Motions. This case involves alleged infringement under the Lanham Act related to Defendant's use of trademark "CITY HUNT" by using the mark "BIG CITY HUNT," including by using that contested mark online through a website and otherwise. After due consideration, and for the reasons stated herein and on the record at the hearing, the Motion for Protective Order is due to be denied and the Motion to Compel is due to be granted.

### I. Legal Standards

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this

scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted.  *See Safranek by & through Safranek v. Wal-Mart Stores, Inc.*, 2010 WL 11505263, at *2 (S.D. Fla. June 1, 2010) (citations omitted).

**II.    The Motion for Protective Order**

In the Motion for Protective Order, Defendants seek to protect Defendant Victor Harding from sitting for a deposition in this case.  Doc. 46.  Although the Discovery Deadline in this case is November 1, 2019 and the dispositive motions deadline is December 2, 2019, Victor Harding filed an early motion for summary judgment on June 10, 2019.  *See* Docs. 29; 41.  In the motion for summary judgment, Victor Harding asserts that he has absolutely nothing to do with the alleged infringing conduct, and he attaches a declaration stating as much; similar declarations have been filed related to the Motion for Protective Order.  *See* Docs. 41; 46.  Seeking to test those denials, Plaintiff sought and obtained an extension of time to respond to the motion for summary judgment and noticed Victor Harding for a deposition.  *See* Docs. 44; 45; 46.  Now, Defendants seek to protect Victor Harding from sitting for that deposition, arguing that, as stated in his declarations, he has nothing to do with the alleged infringement.[1]  Doc. 46.  In response, Plaintiff asserts that it has the right to depose a party-deponent to test the declarations and denials of involvement in the alleged infringement especially where, as here, that party's declaration is the only evidence

---

[1] Defendants also seek protection from unserved written discovery that they believe will be directed to Victor Harding based upon representations from Plaintiff.  However, as stated at the hearing, any issues related to unserved discovery are not properly before the Court, and to the extent Defendants seek protection to such potential written discovery, this denial is without prejudice.

proffered in support of the pending motion for summary judgment. The Court agrees. Indeed, Defendants provided no legal authority for the proposition that the Court could – or should – prevent the deposition of a party-opponent in this circumstance. Further, granting the relief requested would essentially be a determination that the Court credits Victor Harding's declaration and summary judgment should be entered – relief explicitly requested in the Motion for Protective Order. But granting that relief based on the Motion for Protective Order (and doing so even prior to a response to the motion for summary judgment) is premature, and, regardless, Defendants have provided no legal basis for the Court to do so. As such, Defendants have failed to establish a basis for the relief requested.

### III.     The Motion to Compel

In the Motion to Compel, Plaintiff seeks an order compelling each Defendant to respond to six requests for production related to each Defendant's finances. Doc. 47. However, despite explicitly seeking relief as to all four Defendants, it appears that the discovery at issue relates only to Let's Roam, LLC, Charlie Harding, and Mike Harding (*see* Doc. 47-1) – not Victor Harding. Thus, further references to "Defendants" in this Order do not include Victor Harding, as any responses he made to the discovery at issue are not properly before the Court. With that caveat in mind, each Defendant's response to each of the requests for production was as follows:

> Response: Responsive documents will be produced through the time period BIG CITY HUNT was used as Let's Roam's name. Objection as to the time period after which Let's Roam stopped using BIG CITY HUNT as that period is unrelated and irrelevant to any issue in this case.

*Id*. at 7. Thus, the only objection Defendants asserted was a relevance objection to documents from a certain – but unspecified – time period, i.e. documents from "the time period after which Let's Roam stopped using BIG CITY HUNT." *Id*. To the extent that the requests sought documents preceding that time period, there was no objection. *Id*. And it appears from the

response to the Motion to Compel that Defendants have produced responsive documents, although at the hearing the parties seemed to concede that some small production remained to be made. See Doc. 57 at 3. The Court also notes that the objection at issue as to those documents is only that they are irrelevant – Defendants raised no objections as to burden, proportionality, or otherwise. Thus, what remains of the Motion to Compel is a controversy concerning the relevance of certain of the financial documents from "the time period after which Let's Roam stopped using BIG CITY HUNT."

In the Motion to Compel, Plaintiff asserts that Defendants continue to violate the Lanham Act through infringement and, thus, the financial documents through the present are relevant to establish damages, i.e. to establish Defendants' gross sales. Doc. 47. In response, Defendants conceded that they continue to utilize a website redirect derived from the contested mark but assert that the redirect traffic is minimal and that the vast majority of their web traffic since they mostly stopped using the contested mark is from sources unrelated to the contested mark. Doc. 57. At the hearing, Defendants asserted that "the time period after which Let's Roam stopped using BIG CITY HUNT" is approximately a time period following January 2018, but Defendants could not be certain as to an exact date. So, Defendants suggest that the Court order production of only those financial documents from the relevant time period that Defendants certify are related directly to the redirect or any search engine traffic associated with the redirect. Defendants characterize this as a broad production that would capture most of the web traffic associated with the contested mark. In effect, Defendants argue that the vast majority of their financial documents following the date they mostly stopped using the contested mark have nothing to do with the alleged infringement and should not be compelled. Thus, the Court starts from a position where Defendants appear to concede to an order compelling the production of the requested documents:

(a) from prior to January 2018 (many of which have already been produced); (b) from after January 2018, but only to the extent Defendants certify that the financial documents are derived from sales generated by web traffic related to the redirect (whether directly from the redirect or via a web search click upon that redirect).

At the hearing, Plaintiff maintained its position that the requested documents are relevant because, during the time period at issue, Defendants continued to infringe, and, in relation to damages under the Lanham Act, it is Plaintiff's burden to establish gross sales but Defendants' burden to establish that any portion of those sales were not due to infringement. Indeed, Plaintiff directed the Court to *Nutrivida, Inc. v. Inmuno Vital, Inc.*, the following passage from which the Court finds particularly instructive in determining the relevance of the requested discovery here:

> In assessing the amount of an infringer's profits, "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." *See* 15 U.S.C. § 1117(a). The Lanham Act thus squarely places the burden of proof on the infringer to establish any deductions from its gross sales in order to arrive at the correct profit figure. Moreover, under the Lanham Act and the common law, it is the infringer's burden to prove any proportion of its total profits which may not have been due to the infringement. *See* J. Thomas McCarthy, *Trademarks and Unfair Competition* § 30:65 (4th ed.1998). *See also Hamilton–Brown Shoe Co. v. Wolf Bros. & Co.,* 240 U.S. 251, 261, 36 S. Ct. 269, 272, 60 L. Ed. 629 (1916) (an infringer cannot take advantage of its own wrong; plaintiff carries its burden of proof when it shows the extent of defendant's total sales); *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.,* 316 U.S. 203, 207, 62 S. Ct. 1022, 1024, 86 L. Ed. 1381 (1942) ("There may well be a windfall to the trademark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer."). Thus, "the plaintiff need only prove gross sales and then it is up to the infringer to prove which, if any, of those sales were not attributable to the wrongful act, and deductible costs and expenses to arrive at net profits." J. Thomas McCarthy, *Trademarks and Unfair Competition* § 30:66 (4th ed.1998). Any doubts about the actual amount of gross sales or profits will be resolved against the infringing party. *Id.* (citing *Louis Vuitton S.A. v. Spencer Handbags Corp.,* 765 F.2d 966, 973 (2d Cir.1985)).

46 F. Supp. 2d 1310, 1315-16 (S.D. Fla. 1998).

Defendants repeated protestations that they made *almost* no use of the contested mark from January 2018 to the present, is a concession that they still *did* use the mark during that time period. As a wise man once said, "mostly dead is still slightly alive." The Princess Bride (20th Century Fox, 1987). And Defendants' use of the contested mark during the period at issue makes relevant their gross revenues during that period. The defense that some of Defendants' sales were not attributable to the alleged infringement is one that cannot be determined on this record and cannot be invoked here to avoid the requested discovery. Indeed, Defendants provided the Court with no legal authority for the proposition that the Court could – or should – limit discovery in the manner requested.

Having considered *Nutrivida, Inc.* and the other authority provided by the parties, the Court finds that the requested documents are relevant – both before and after January 2018. Thus, Defendants' objection is overruled. Further, the Court notes that while Defendants' proposed compromise may be reasonable in concept, it is not practical in application and does nothing to address what appears to be the plain legal relevance of Defendants' gross sales in this Lanham Act case.

Finally, the Court has considered whether reasonable expenses should be assessed against Defendants pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and finds that they should not, because the objection was substantially justified through Defendants' counsel's argument at the hearing.

**IV.   Conclusion**

Accordingly, as stated herein and for the reasons stated on the record:

1. Defendants' Rule 26(c)(1) Motion for Protective Order (Doc. 46) is **DENIED**;

2. Plaintiff's Motion to Compel Full Production of Financial Documents (Doc. 47) is **GRANTED**; and

3. **On or before September 12, 2019**, Defendants Let's Roam, LLC, Charlie Harding, and Mike Harding shall respond fully to Requests for Production 13, 14, 15, 16, 17, and 18.

**DONE** and **ORDERED** in Orlando, Florida on August 28, 2019.

                                                                               /s/ Daniel C. Irick
                                                                               DANIEL C. IRICK
                                                                               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties